1156

## BURTON-SUTTON OIL COMPANY, INCORPORATED, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 110566.   Promulgated November 14, 1946.

*Norman F. Anderson, Esq.*, for the petitioner.
*Charles E. Lowery, Esq.*, for the respondent.

### SUPPLEMENTAL OPINION.

BLACK, *Judge*: In our report promulgated August 4, 1944 (3 T. C. 1187) we considered and decided four issues. We decided the first and third issues for the respondent, and the second and fourth for the petitioner. Both parties appealed to the United States Circuit Court of Appeals for the Fifth Circuit, petitioner on the first issue and respondent on the fourth. No appeals were taken on the second and third issues. On July 6, 1945, the Fifth Circuit affirmed us on the first issue but reversed us on the fourth (150 Fed. (2d) 621). The United States Supreme Court granted a writ of certiorari on the first issue, but denied a writ on the fourth. On April 22, 1946, the Supreme Court, in *Burton-Sutton Oil Co. v. Commissioner*, 328 U. S. 25, reversed the Fifth Circuit and this Court on the first issue. On June 6, 1946, the Fifth Circuit issued its mandate to this Court remanding the cause "for further proceedings not inconsistent with the opinion of" the Fifth Circuit; and on the same day the Fifth Circuit issued an amended mandate to this Court remanding the cause "for further proceedings in conformity with the opinion of the Supreme Court of the United States." Pursuant to those mandates, we ordered this proceeding placed on the calendar "for entry of decision and with leave to the parties to submit computations of the petitioner's tax

liability or otherwise move as to further proceedings * * *." In accordance with this order petitioner, on July 1, 1946, filed its computation for settlement of the tax liabilities, and on July 8, 1946, the respondent filed a materially different computation. The computation filed by petitioner shows the following:

| Fiscal year ended— | Deficiency | |
| --- | --- | --- |
| | Income tax | Excess profits tax |
| February 29, 1936 | $8,405.66 | None |
| February 28, 1937 | None | None |
| February 28, 1938 | None | $629.65 |

The computation filed by respondent shows the following:

| Fiscal year ended— | Deficiency | |
| --- | --- | --- |
| | Income tax | Excess profits tax |
| February 29, 1936 | $9,602.34 | $232.26 |
| February 28, 1937 | 23,766.17 | 9,984.89 |
| February 28, 1938 | 29,573.19 | 12,071.98 |

A hearing on these computations was held on September 11, 1946, and briefs have now been received from both parties in support of their respective computations. Under these computations both parties agree that petitioner's net income for the three years in question, as adjusted in accordance with our report promulgated August 4, 1944, which was the basis for our decision entered September 30, 1944, should now be reduced by the sums which petitioner paid to the Gulf Refining Co. of Louisiana (generally referred to in this proceeding as "Gulf") during the three years in question, namely, $17,406.19 for the fiscal year 1936, $232,498.94 for the fiscal year 1937, and $286,128.23 for the fiscal year 1938. Both parties also agree that petitioner's net income as adjusted for the fiscal year ended February 28, 1938, should now be increased by the amount of the legal expenses involved under the above mentioned fourth issue in the amount of $27,564.61.

The respondent contends that, in addition to the above adjustments concerning which there is no disagreement, the net income as adjusted for all three years should, as a result of the Supreme Court's holding that Gulf had reserved an economic interest in the oil to the extent of the above mentioned payments and was, therefore, the one entitled to the deduction for depletion on such economic interest, be further adjusted by disallowing as a deduction from petitioner's gross income the depletion applicable to such economic interest reserved by Gulf. He states the amounts of depletion to be thus disallowed as $8,703.10 for the fiscal year 1936, $84,104.84 for the fiscal year 1937,

and $149,325.19 for the fiscal year 1938. Petitioner concedes that $45,754.36 of the $149,325.19 for the fiscal year 1938 should now be disallowed and restored to net income, but contends that no other adjustments should be made under the mandate of the Court. The $45,754.36 was the additional deduction over that allowed in the deficiency notice which we allowed in our above mentioned report (see footnote 1 of our report) as a result of the last sentence of paragraph 9 of the stipulation filed October 25, 1943, reading: "If this Court does not permit the petitioner to eliminate from its taxable income the payment of $286,128.23, then the petitioner is entitled to an additional deduction for depletion in the fiscal year ended February 28, 1938, in the amount of $45,754.36."

As shown in the deficiency notice, petitioner in filing its returns did not include as a part of its net income the payments which it made to Gulf. The respondent, in determining the deficiencies set out in our report, included the said payments in petitioner's net income, and as a result thereof allowed petitioner a substantial increase in its depletion deduction for each year, except the fiscal year 1936, over and above the amounts claimed by petitioner in its returns. He explained the amount allowable for each year in Exhibit A attached to the deficiency notice, as follows:

EXHIBIT A

COMPUTATION OF DEPLETION

| | Fiscal year— | | |
| --- | --- | --- | --- |
| | 1936 | 1937 | 1938 |
| Gross income, less royalties | $554,755.81 | $907,635.05 | $874,086.80 |
| Net income before depletion | 301,066.39 | 564,302.65 | 560,972.14 |
| 27½ per cent of gross income | 152,557.85 | 249,599.64 | 240,373.87 |
| 50 per cent of net income | 150,533.20 | 282,151.33 | 280,486.07 |
| Depletion allowable | 150,533.20 | 249,599.64 | 240,373.87 |
| Depletion deducted per return | 152,390.74 | 196,007.79 | 154,540.88 |
| Excessive depletion | 1,857.54 | | |
| Additional depletion | | 53,591.85 | 85,832.99 |

After receipt of the deficiency notice, petitioner in due time filed a petition with this Court (then United States Board of Tax Appeals) and assigned as error, among other things, the inclusion in petitioner's income of the above mentioned amounts paid by petitioner to Gulf. There were no assignments of error as to depletion in the petition and there were no affirmative allegations with reference to depletion in the answer filed by the respondent. However, when the proceeding came on for hearing before this Court on October 25, 1943, the parties filed a "Stipulation of Facts." Paragraph 2 of the stipulation set out in full the contract acquired by petitioner from J. G. Sutton. Paragraph 3 of the stipulation is as follows:

-3-

Shortly after acquisition petitioner, pursuant to terms of the above contract proceeded to the development and operation of the property and obtained oil and/or gas in paying quantities. In accordance with the provisions of paragraph 3 of the contract, the following sums were paid to the Gulf Refining Company of Louisiana during the taxable years indicated:

| | |
|---|---|
| 1936 | $17, 406. 19 |
| 1937 | 232, 498. 94 |
| 1938 | 286, 128. 28 |

The foregoing amounts were claimed as deductions in the returns filed for the respective years. Respondent in his notice of deficiency has disallowed said deductions on the ground that the amounts paid to Gulf Refining Company represent additional costs of the property covered by the contract, *recoverable through depletion allowances. Depending upon the Board's final decision the allowable depletion will be determined under Rule 50.* [Italics supplied.]

In *Anderson* v. *Helvering*, 310 U. S. 404, the Supreme Court said:

It is settled that *the same basic issue* determines *both* to whom income derived from the production of oil and gas is taxable *and to whom a deduction for depletion is allowable.* That issue is, who has a capital investment in the oil and gas in place and what is the extent of his interest. [Italics supplied.]

In the instant proceeding the Supreme Court, after stating the facts, noted in its footnote 1 that "The Commissioner and the Tax Court allowed the taxpayer depletion upon its entire income, so adjusted, under Section 114 (b)." In setting out the "applicable provisions" of the revenue acts and the regulations, the Supreme Court set out those relating to depletion and the basis therefor, and said that these "prescribe the federal income tax accounting procedure after a determination" of what an expenditure by an operator is, that is, whether it is a rent, a royalty, or an ordinary business expense, or a capital investment. The Supreme Court then went on and decided that Gulf had retained an economic interest in the oil and gas in place to the extent of this "fifty per cent of net"; that Gulf was entitled to "the depletion" on this retained economic interest; and that petitioner was entitled to "deduct such payments from the gross receipts."

In view of what the Supreme Court has said in the instant proceeding and in *Anderson* v. *Helvering, supra,* it can not be argued successfully that as a matter of law petitioner is entitled to exclude such payments from its gross income and at the same time deduct the depletion applicable to such payments in the determination of its own net income, and we do not understand petitioner to so contend.

As we understand petitioner's contentions, they are that the respondent should have foreseen a possible holding such as has been made by the Supreme Court and should have pleaded in the alternative that in case of such a holding the depletion deduction would have to be recomputed and then should have offered evidence as to what the

correct deduction for depletion would be under the alternative pleadings. In view of what the Supreme Court said in *Anderson* v. *Helvering, supra*, it is doubtful if such alternative pleadings are necessary where "the same basic issue" determines "both" to whom income derived from the production of oil and gas is taxable and to whom a deduction for depletion is allowable. Cf. *John E. Zimmerman*, 36 B. T. A. 618. But we need not decide that question here, for in our opinion paragraph 3 of the stipulation set out above is sufficient to permit the adjustments now contended for by the respondent, without the necessity of special pleadings on the subject. We so construed the stipulation in our report, wherein we said in footnote 1: "On the other hand, if we agree with petitioner that the amounts paid to Gulf should be excluded from petitioner's taxable income, then petitioner's allowance for depletion will have to be redetermined and the parties have stipulated that this may be done under Rule 50." No exception was taken to this statement either before the Fifth Circuit or the Supreme Court. Petitioner's present contentions impress us as being inconsistent with the stipulation. The last sentence of the part of the stipulation to which we are now referring reads: "Depending on the Board's final decision the allowable depletion will be determined under Rule 50." Our final decision as to the exclusions' from petitioner's gross income of the payments made to Gulf is being made in compliance with the decision of the Supreme Court, and the redetermination of the amount of depletion to which petitioner is entitled resulting therefrom, we think, is well within the limits of the agreement which the parties have already made in the stipulation. No issue exists with reference thereto.

Petitioner also contends that, even if the stipulation be considered as taking the place of an alternative pleading, still there are no facts stated in our findings from which the correct depletion can be computed either on the percentage basis or on the cost basis. See secs. 23 (m) and (n) and 114 (b) (1) and (3), Revenue Acts of 1936 and 1938. In view of the state of the present record, there is no merit in this contention.

The computation of the correct depletion allowance in this proceeding can be made by means of arithmetical calculations from figures in the record at the time our above mentioned report was promulgated. In the deficiency notice the respondent determined the depletion on the precentage basis under section 114 (b) (3). See Exhibit A, *supra*. Petitioner did not plead or contend that it would be more on the cost basis, except for 1938 if the decision went against petitioner on the issue of the deductibility of the payment of $286,128.23 to Gulf, which possibility was provided for in the last sentence of paragraph 9 of the stipulation quoted above. See also footnote 1 of our report at 3

T. C. 1187, 1194. Now that petitioner has won on the issue of the deductibility of the $286,128.23 payment to Gulf, it concedes in its proposed computation that it is no longer entitled to the extra $45,-754.36 of depletion based on cost. Since no other contentions have ever been made or pleaded by petitioner that cost depletion would amount to more than the percentage depletion determined in the deficiency notice, we are not required to do more than to make the present computations on the percentage basis, as was done in the deficiency notice. Starting with Exhibit A, *supra*, which was attached to the deficiency notice, this is no more than an arithmetical calculation resulting in the following:

| | Fiscal year | | |
|---|---|---|---|
| | 1936 | 1937 | 1938 |
| Gross income, less royalties, (Exhibit A) | $554, 755. 81 | $907, 635. 05 | $874, 086. 80 |
| Less payments to Gulf | 17, 406. 19 | 232, 498. 94 | 286, 128. 23 |
| Gross income, less royalties (revised) | 537, 349. 62 | 675, 136. 11 | 587, 958. 57 |
| Net income before depletion (Exhibit A) | 301, 066. 39 | 564, 302. 65 | 560, 972. 14 |
| Less payments to Gulf | 17, 406. 19 | 232, 498. 94 | 286, 128. 23 |
| Less franchise taxes (issue 2) | | 814. 11 | 1, 237. 83 |
| Net income before depletion (revised) | 283, 660. 20 | 330, 989. 60 | 273, 606. 08 |
| 27½% of gross | 147, 771. 15 | 185, 662. 43 | 161, 688. 61 |
| 50% of net | 141, 830. 10 | 165, 494. 80 | 136, 803. 04 |
| Depletion allowable | 141, 830. 10 | 165, 494. 80 | 136, 803. 04 |
| Depletion allowed in T. C. decision 9–30–44 | · 150, 533. 20 | 249, 599. 64 | 286, 128. 23 |
| Excessive depletion | 8, 703. 10 | 84, 104. 84 | 149, 325. 19 |

The amounts shown in the foregoing schedule as "excessive depletion" are the amounts stated in the respondent's computation for entry of decision. In this computation wherein the respondent stated the depletion allowable for each year, he used as descriptive words "Depletion allowable, Engineer's report dated May 23, 1946." Counsel for petitioner objected to the introduction of this report at the hearing held September 11, 1946. The report was received over petitioner's objection, limited to the purpose of showing how respondent's computation had been made, but, as we have demonstrated above, the correct depletion can be and has been determined from figures in the record at the time our above mentioned report was promulgated, and the engineer's report amounts to no more than an arithmetical calculation based upon figures already in the record. Since the engineer's report contains no new evidence, petitioner's objections thereto become unimportant.

We hold, therefore, that the adjustments contended for by the respondent in his proposed computation for entry of decision should be allowed, as being in conformity with the mandates herein. A decision will, therefore, be entered for the deficiencies shown in the respondent's computation for entry of decision filed July 8, 1946.